ANDREWS, Judge.
This is an interlocutory appeal by the defendant, Radiation Incorporated, from an order denying its motion to dismiss the complaint of the plaintiff Magnetic Systems Corporation for a declaratory judgment.
*742 The plaintiff filed its complaint in Pinel-las County, and on the same day service was made by the sheriff on the secretary of the defendant. The defendant’s motion to dismiss was based on the fact that the President of Radiation Incorporated was absent from Brevard County the entire day on which service was effectuated, and that the Senior Vice-President was at the principal place of defendant’s business, and that under F.S.A. § 47.17, the Senior Vice-President should have been served. The trial judge held that F.S.A. § 47.17(1) contemplated only one “head” of a corporation, and that since he was absent process could be served on the “Secretary” under F.S.A. § 47.17(2).
Section 608.32, F.S.A., provides that a corporation shall file an annual report with the Secretary of State, and that said report shall include the name and address of the resident agent upon whom service of process upon said corporation may be made. F.S.A. § 608.38 provides that every corporation shall maintain an office in the State with a resident agent thereat upon whom process may be served. This section also requires that corporations keep the Secretary of State informed currently of the ■location of said office at which process may be served, including the street address of said office and the name of the resident agent.
Chapter 57-97, Laws of Florida 1957, repealed § 47.17, Fla.Stat., as it then existed, and substituted what is now § 47.171. It then appears that the legislature by Chapter 59-46, Laws of Florida 1959 re-enacted § 47.17, but did not repeal its substitute (F. S.A. § 47.171). It did, however, add to § -47.17 two sections which have been codified as sub-sections 6 and 7. We are not concerned with sub-section 6. However, sub-section 7 provides that the provisions of said Act shall be cumulative.
Section 47.171, F.S.A., provides that service of process may be “served upon any officer” of a corporation which fails to comply with §§ 47.34 and 47.35, or in the alternative, with § 47.36, F.S.A. The defendant admitted non-compliance with § 47.36.
F.S.A. § 47.3.4 requires every Florida corporation to file with the Secretary of State
“* * * a certificate designating an office, place of business or domicile for the service of process within this state, stating therein the county, city or town within this state where such office is located, which designation shall, whenever possible, include the street and number of the building wherein such office is located, the name of such building and the number of such room or rooms in which said office, place of business or domicile within the state is located. * * * ”
Section 47.35, F.S.A., provides that each corporation mentioned in § 47.34 shall among other things keep its office or place of business open from “ten o’clock A.M. to twelve o’clock M.” every day except Sundays and legal holidays.
A certificate from the Secretary of State’s office dated May 11, 1964, four days after process was served on the defendant, stated that in the last capital stock tax report filed by Radiation Incorporated, John W. Boone, P.O. Box 37, Melbourne, Florida, is named as the resident agent. The listing of a post office box number does not comply with the provisions of §§ 47.34, 47.35, 608.32 and 608.38.
Taking into consideration the cumulative effect of the various provisions of the Statutes, service of process upon the secretary of the defendant corporation was sufficient.
Affirmed.
SHANNON, Acting C. J., and WHITE, J., concur.